# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

            Petitioner,

v.

WARDEN GARY BOUGHTON,

            Respondent.

Case No. 19-CV-42-JPS

**ORDER**

On January 7, 2019, Petitioner Robert W. Huber ("Huber") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Milwaukee County Circuit Court in May 2014, Huber was convicted of no less than twenty-five felonies related to horrific acts of child sexual abuse. *Id.* at 2. On August 29, 2014, Huber was sentenced to 225 years' imprisonment, to be followed by 135 years of extended supervision. *Id.* Huber filed a combined direct appeal and post-conviction motion in August 2016. *Id.* The appeal and motion were denied in the circuit court and the denial was affirmed throughout the state appellate courts. *Id.* at 2–3. Huber also attempted to file a second motion for post-conviction relief in December 2018, but as explained further below, it was not heard by any court. *Id.* at 3–4.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss

both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Huber's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears that Huber's petition is timely. Huber's direct appeal concluded on January 9, 2018, when the Wisconsin Supreme Court denied his petition for review. (Docket #1 at 3). He did not file a petition for certiorari to the United States Supreme Court. *Id.* at 4. Because the petition in this case was filed on January 7, 2019, it appears to just barely satisfy the time constraints of Section 2244(d).

The court continues its Rule 4 review by examining Huber's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Huber presents numerous claims in his petition. It is useful to categorize them by the method in which they were presented to the state court. Two claims were presented in the combined direct appeal and post-conviction motion. These were that the circuit court had denied him his constitutional right to proceed *pro se* at trial, and that the circuit court had violated his right to a public trial by closing the courtroom for a brief period while video of Huber's graphic abusive acts was played for the jury. *State of Wisconsin v. Robert Wayne Huber, Jr.*, Case No. 2016-AP-1803, 2017 WL 5185473 *1 (Wis. Ct. App. Nov. 8, 2017). These claims appear to have been exhausted, as they were denied in the Wisconsin Court of Appeals on their merits, and the Wisconsin Supreme Court denied review. *See id.* at *1–4; *State of Wisconsin v. Robert Wayne Huber, Jr.*, Case No. 2016-AP-1803, 908 N.W.2d 820 (Wis. Jan. 8, 2018) (summarily denying petition for review).

Huber presents numerous other claims, including ineffective assistance of trial and appellate counsel, insufficient evidence to support his convictions, instructional error, and allegations that the circuit court, prosecution, and defense counsel colluded to ensure that Huber would be convicted. *See* (Docket #1 at 4, 5–93). None of these claims were addressed at any level of the state court system. Rather, Huber explains that he attempted to present them via the December 2018 motion. *Id.* at 3–4. The motion was apparently captioned as one seeking habeas relief. *Id.* However, Huber says that he received a letter from a state court staff attorney in January 2019, explaining that the motion had been converted from a habeas motion to one seeking relief under Wis. Stat. § 974.06. *Id.* at 4; (Docket #1-1 at 17) (a copy of the letter). The motion was then returned unfiled because it was longer than was permitted for a Section 974.06 motion. (Docket #1-1 at 17). Huber now asserts that "none of the issues presented in [his federal habeas petition] can be addressed at the state level by any other means than by state habeas corpus; which Huber tried to file, and the court refused to accept." *Id.* at 5.

While the Court sympathizes with Huber's difficulty in presenting these additional claims to the state court, that difficulty does not excuse the exhaustion requirement. It is clear that no level of the Wisconsin court system has considered these claims, much less the Wisconsin Supreme Court, and much less on the merits of the claims. Further, Huber is required to abide by state court procedures in the presentation of his claims. Thus, if

the state court determines that Huber's claims must be presented in a Section 974.06 motion, that is the path he is required to take.[1]

---

[1]Huber claims that "case law indicates that none of the issues contained in [his state court habeas petition] can be addressed in a § 974.06 motion." (Docket #1 at 5). He did not cite that case law, and the Court's research suggests that Huber's conclusion is erroneous. In a Section 974.06 motion, a prisoner can raise any claim that "the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." Wis. Stat. § 974.06(1). This incredibly broad allowance for claims is intentional; Section 974.06 motions are "designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired." *State of Wisconsin v. Escalona-Naranjo*, 517 N.W.2d 157, 160 (Wis. 1994) (quotation omitted); *State of Wisconsin v. Henley*, 787 N.W.2d 350, 362 (Wis. 2010) ("After a convicted criminal defendant's [direct appeal rights] have been exhausted, the primary method of challenging a conviction is § 974.06."). Huber's personal beliefs about how his claims should be presented cannot override Wisconsin procedure or the exhaustion requirement.

There are additional wrinkles in Wisconsin's post-conviction relief procedures, including that allegations of ineffective assistance of appellate counsel should be raised directly in the Wisconsin Court of Appeals via a habeas corpus petition. *State of Wisconsin v. Humphrey*, Case No. 2012-AP-1425, 2015 WL 4469405, at *2 (Wis. Ct. App. July 23, 2015). Because Huber brings a multitude of claims, it may be the case that he must file multiple motions or petitions of various types in state court in order that each claim may be exhausted. Additionally, Wisconsin courts hold that "claims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 postconviction motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion." *State of Wisconsin v. Lo*, 665 N.W.2d 756, 766 (Wis. 2003). This rule may prove troublesome for Huber when he returns to state court, as the claims he raised on his direct appeal were quite limited compared to the new ones he presents in the instant petition.

The Court provides these observations not to give Huber any specific instructions—it does not pretend to be an expert on Wisconsin court procedure—but simply to demonstrate that there are potential avenues for bringing his claims before Wisconsin courts on their merits. Regardless of his frustration with that process, Huber's claims cannot be heard in a federal habeas action until Wisconsin courts have had their own opportunity to pass upon them.

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278.

Accordingly, the Court must give Huber a choice. This choice, however, will depend on the grounds upon which Huber seeks relief. Either Huber can: (1) dismiss this petition in its entirety in order to exhaust all his claims in state courts; (2) move for a stay and abeyance while he returns to state court to exhaust his unexhausted claims; or (3) elect to proceed on only the exhausted claims described above. If he dismisses the unexhausted claims, then the Court will be able to consider only his exhausted claims.

If Huber elects option (2) and wishes to maintain his unexhausted claims and seek a stay and abeyance, he should file a separate motion for a stay and abeyance. In that motion, Huber will need to show that he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. If Huber

elects option (3) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claims, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claims. Finally, if Huber elects option (1) and seeks to dismiss this action in its entirety so that he may exhaust his claims in the state court, he may notify the Court of that decision by letter. The Court hereby warns Huber that, if he proceeds only on the exhausted claims, he may not be able to proceed on his other claim(s) in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Whichever course of action Huber elects to take, the Court will require him to file his amended petition, motion, or letter as described herein within **thirty (30) days** of the entry of this Order. Finally, the Court notes that Huber has filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The motion and his trust account statement show that he receives little income, and that which he receives is applied almost entirely to payments towards restitution and other filing fees. (Docket #2 and #4). The Court will, therefore, grant Huber's motion for leave to proceed *in forma pauperis* and will not require him to pre-pay the $5.00 filing fee in this matter.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety while he exhausts his claims in state court; (2) move for a stay and abeyance of this action while he exhausts his claims in state court; or (3) file a letter indicating that he wishes to proceed only on his exhausted claims

and file an amended petition that does not include the unexhausted claims; and

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge