# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

                              Petitioner,

v.

WARDEN GARY BOUGHTON,

                              Respondent.

Case No. 19-CV-42-JPS

**ORDER**

    Petitioner filed this action on January 7, 2019, asserting numerous claims regarding alleged improprieties in his criminal convictions in Wisconsin state court. (Docket #1). The Court screened the petition and found that Petitioner had failed to exhaust his state court remedies as to the majority of his claims. (Docket #7). The Court directed Petitioner to choose one of three options to move forward: 1) dismiss his petition and return to state court to exhaust his remedies there, 2) move for a stay of this action while he returns to state court, or 3) proceed only on the few claims which were properly exhausted. *Id.* Petitioner has elected for the second route; he filed a motion to stay this action on March 14, 2019. (Docket #8).

    A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and. . .the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*, 461 F.3d 861, 866–67 (7th Cir. 2006). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Rhines*, 544 U.S. at 270. It is for this reason that the Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Id.*

The Court finds that Petitioner's circumstances warrant a stay of this action. First, he has demonstrated at least a minimal level of good cause for his failure to exhaust his state remedies. The issues he has had regarding the filing of his state habeas corpus materials, (Docket #7 at 4–5), warrant allowing him another chance to achieve exhaustion. Second, the Court cannot say that all of Petitioner's unexhausted claims are completely meritless. The Court is certainly quite skeptical of some of the claims, but it is better to leave the first evaluation of the claims to the Wisconsin state courts. Finally, the Court does not find that Petitioner engaged in intentionally dilatory tactics. He explains that difficulties in securing and reviewing his legal materials led him to file this federal habeas action when he did. *See* (Docket #9 at 23–25).

The Court notes that the focus of Petitioner's motion is to complain about the procedural hurdles and restrictions he faces when he returns to state court. *See, e.g.*, (Docket #9 at 3–7). For two reasons, these arguments fall upon deaf ears. First, this federal court has no authority to exempt Petitioner from any state laws or rules of procedure. If he desires such relief, he must direct his request to the state court system.

Second, Petitioner is absolutely barred from seeking federal habeas relief until he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). This means presenting his claims to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). Until he completes that process, this Court cannot hear the claims, no matter how burdensome Petitioner believes the process to be. If Petitioner attempts to return to federal court before the state process is concluded, Respondent will likely move to dismiss this action on that basis. If that motion is granted, Petitioner will have lost his one chance at federal habeas review due to a preventable procedural error.

The Court will impose one limitation on the stay it grants to Petitioner. He shall be required to file a status report with the Court every ninety days, detailing the progress of his efforts to exhaust his remedies in state court. Petitioner must file these reports until the exhaustion process is completed. Once completed, he may file a motion to re-open this action, which should be accompanied by an amended petition which includes only the claims he successfully exhausted. If Petitioner fails to file a status report as directed, this action will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay and abeyance (Docket #8) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED** until further order of the Court;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action;

**IT IS FURTHER ORDERED** that Petitioner shall file a report on the status of his efforts to exhaust his state court remedies **every ninety (90) days** until that process is completed. If Petitioner fails to file any such status reports, this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge