# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

                        Petitioner,

v.

WARDEN GARY BOUGHTON,

                        Respondent.

Case No. 19-CV-42-JPS

**ORDER**

1.  **INTRODUCTION**

On January 7, 2019, Petitioner Robert W Huber, Jr. ("Petitioner" or "Huber") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 21, 2019, the Court granted Petitioner's motion to stay the case, administratively closed the case while he exhausted his state court remedies, and ordered him to file a status update with the Court every ninety days. ECF No. 11. Following the reopening of the case, the Court now screen's the amended petition under Rule 4 of the Rules Governing Section 2254 Proceedings. *See* ECF Nos. 31, 32.

2.  **FACTUAL BACKGROUND**

After a seven-day jury trial in May 2014, Huber was convicted of twenty-five felonies arising out of the enticement and sexual and physical assault of two adolescent girls. *State v. Huber,* 2022 WI App 52 ¶ 2 (Wis. Ct. App.). Huber testified in his own defense and admitted to sexually assaulting and physically abusing both girls; however, he claimed that he was forced to do so by a woman who was calling him and threatening to harm him, his family, and even the girls if he did not comply with this

woman's demands to assault and abuse these girls. *Id.* ¶ 4. Huber was sentenced to a total of 225 years of initial confinement and 135 years of extended supervision. *Id.* ¶ 5.

While represented by counsel, Huber filed his first postconviction motion and argued that: (1) he was denied his right to a public trial when the courtroom was closed while playing the video of the assaults to the jury; and (2) that his trial counsel was ineffective for failing to object to the closure of the courtroom. *Id.* ¶ 6. The trial court denied that motion and the Wisconsin Court of Appeals affirmed. *Id.* (citing *State v. Huber*, No. 2016AP1803-CR, unpublished slip op. (WI App Nov. 8, 2017)). The Wisconsin Supreme Court denied his petition for review on January 8, 2018. *State v. Huber*, 2018 WI 14, 379 Wis. 2d 436, 908 N.W.2d 820 (Wis. 2018) (Table).

Huber then filed, pro se, a second motion for postconviction relief. The trial court denied his motion without a hearing and Huber appealed. *Id.* ¶ 7. In Huber's second appeal, the Wisconsin Court of Appeals addressed the following nine arguments: (1) the trial judge was biased for, among other things, angrily speaking to Huber, denying Huber the ability to have access to discovery materials, and denying him the coercion instruction; (2) Huber was constructively denied the right to counsel, both during trial and in his previous appeal; (3) trial and postconviction counsel were both ineffective for a variety of reasons; (4) the State engaged in several acts of prosecutorial misconduct and *Brady* violations by, for example, falsifying and manipulating the evidence; (5) Huber was denied his right to confront one of the detectives who participated in the criminal investigation; (6) there was insufficient evidence to support the jury's verdict because the evidence was fabricated, manipulated, and based on

perjury; (7) the transcripts are incomplete and have been manipulated by the court reporter; (8) the State's witnesses committed at least 157 instances of perjury; and (9) postconviction counsel was ineffective because he raised "fake" claims and failed to raise any of the several claims that Huber now identifies.[1] *Id.* ¶ 6. The Wisconsin Court of Appeals affirmed and concluded that the trial court properly denied Huber's motion for postconviction relief without a hearing. *Id.* ¶ 15. Huber petitioned for review to the Wisconsin Supreme Court. On January 18, 2023, the Wisconsin Supreme Court denied review of the petition. *State v. Huber*, 998 N.W.2d 829 (Wis. 2023) (Table).

Now, Huber seeks habeas relief on the following grounds: (1) that he was constructively denied the right to counsel, both during trial and in his previous appeal; (2) that trial and postconviction counsel were both ineffective for a variety of reasons;[2] (3) the State engaged in several acts of prosecutorial misconduct and *Brady* violations by, for example, falsifying and manipulating the evidence and knowingly relying on perjured testimony; (5) he was denied his right to confront one of the detectives who participated in the criminal investigation; (6) the trial judge was biased and prejudiced against him throughout the proceedings; (7) there was

---

[1] The court noted that to the extent that Huber brought any additional claims that were not expressly identified, it "summarily reject[ed] his arguments as undeveloped and not properly supported by legal authority." *Huber*, 2022 WI App 52 at n.4 (citing *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992)).

[2] The Court notes that Huber lists his ineffective assistance of counsel claims in a rambling list in multiple pages of the amended petition. The Court therefore lists it as a single ground; Petitioner will, however, be free to make his arguments in full regarding the ineffective assistance of counsel as the case proceeds. As the Wisconsin Court of Appeals concluded, however, Huber's claim will likely turn on a showing of prejudice. *See Huber*, 2022 WI App 52 ¶ 10.

insufficient evidence to support the jury's verdict because the evidence was fabricated, manipulated, and based on perjury; (8) the trial transcripts are incomplete and were manipulated by the court reporter. ECF No. 32 at 4–43.[3]

### 3.   ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

#### 3.1   Timeliness

First, the Court considers the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires

---

[3] The Court recognizes that Huber identifies sixteen grounds in the amended petition. However, his grounds are repetitive and rambling, and the Court has used its best judgment in crafting this list to avoid duplicative claims going forward. To the extent that the Court has missed a viable ground, Huber is able to make argument in that regards in his brief in support of the petition as this case proceeds.

Page 4 of 10
Case 2:19-cv-00042-JPS   Filed 04/25/24   Page 4 of 10   Document 33

a petitioner to file his federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the

expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied review of his direct appeal on January 8, 2018. *Huber*, 908 N.W.2d 820 (Wis. 2018) (Table). It does not appear that Huber sought certiorari with the United States Supreme Court. *See* ECF No. 1. Thus, his judgment became final ninety days later, on April 8, 2018. Huber then had one year in which to file his petition. Thus, it appears that Huber's federal habeas petition, originally filed on January 7, 2019, was timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Huber fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' August 16, 2022 order, it appears that Huber has exhausted the grounds in his present petition.

### 3.3 Procedural Default

The Court next determines whether Huber has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, on the record before the Court, it does not plainly appear that Huber has procedurally defaulted on his claims. The Court notes that Huber may have procedurally defaulted certain of his claims due to the Wisconsin Court of Appeals reliance on *State v. Allen*, 682 N.W.2d 433 (Wis. 2004); however, the Court finds that further development of this issue is needed prior to any final determination.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Huber's amended petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Huber's claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Huber's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.