# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT W. HUBER, JR.,

    Petitioner,

v.

GARY BOUGHTON,

    Respondent.

Case No. 19-CV-42-JPS

**ORDER**

## 1. INTRODUCTION

On January 7, 2019, Petitioner Robert W Huber, Jr. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 21, 2019, the Court granted Petitioner's motion to stay the case, administratively closed the action while he exhausted his state court remedies, and ordered him to file a status update with the Court every ninety days. ECF No. 11. After the case was reopened, the Court screened the amended petition and allowed Petitioner to proceed. ECF No. 33. On July 12, 2024, Respondent filed a motion to dismiss the petition in its entirety. ECF No. 43. Following numerous extensions, the motion to dismiss is now fully briefed and ready for disposition. ECF Nos. 44, 59, 60. For the reasons explained below, the Court will grant Respondent's motion to dismiss, and this action will be dismissed with prejudice.

## 2. LEGAL STANDARD

State criminal convictions are generally considered final. Review may be had in federal court only on limited grounds. To obtain habeas relief from a state conviction, 28 U.S.C. § 2254(d)(1) (as amended by the

Antiterrorism and Effective Death Penalty Act ("AEDPA")) requires the petitioner to show that the state court's decision on the merits of his constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton*, 544 U.S. 133, 141 (2005). The burden of proof rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Under § 2254(b)(1), federal habeas petitions involving state convictions require, as a preliminary matter, that a petitioner has exhausted the state remedies available to them. Further, where a claim was not previously brought for review in accordance with the proper state law rules, the claim will be barred from federal habeas review under the doctrine of procedural default. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). This is so unless a petitioner can excuse procedural default by proving either cause and prejudice or a fundamental miscarriage of justice. *Id.* at 748. The relevant decision for this Court to review regarding these matters is that of the last state court to rule on the merits of the petitioner's claim. *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006).

3.   **FACTUAL BACKGROUND**

After a seven-day jury trial in May 2014, Petitioner was convicted of twenty-five felonies arising out of the enticement and sexual and physical assault of two adolescent girls. ECF No. 44-1 at 2. Petitioner testified in his own defense and admitted to sexually assaulting and physically abusing both girls; however, he claimed that he was forced to do so by a woman who was calling him and threatening to harm him, his family, and even the girls if he did not comply with this woman's demands to assault and abuse

these girls. *Id.* Petitioner was sentenced to a total of 225 years of initial confinement and 135 years of extended supervision. *Id.* at 3.

While represented by counsel, Petitioner filed his first postconviction motion and argued that: (1) he was denied his right to a public trial when the courtroom was closed while playing the video of the assaults to the jury; and (2) his trial counsel was ineffective for failing to object to the closure of the courtroom. *Id.* The trial court denied that motion and the Wisconsin Court of Appeals affirmed. *Id.* (citing *State v. Huber*, No. 2016AP1803-CR, unpublished slip op. (WI App Nov. 8, 2017)). The Wisconsin Supreme Court denied his petition for review on January 8, 2018. *State v. Huber*, 2018 WI 14, 379 Wis. 2d 436, 908 N.W.2d 820 (Wis. 2018) (Table).

Petitioner then filed, pro se, a second motion for postconviction relief. The trial court denied his motion without a hearing and Petitioner appealed. ECF No. 44-1 at 3. In Petitioner's second appeal, the Wisconsin Court of Appeals addressed the following nine arguments: (1) the trial judge was biased for, among other things, angrily speaking to Petitioner, denying Petitioner the ability to have access to discovery materials, and denying him the coercion instruction; (2) Petitioner was constructively denied the right to counsel, both during trial and in his previous appeal; (3) trial and postconviction counsel were both ineffective for a variety of reasons; (4) the State engaged in several acts of prosecutorial misconduct and *Brady* violations by, for example, falsifying and manipulating the evidence; (5) Petitioner was denied his right to confront one of the detectives who participated in the criminal investigation; (6) there was insufficient evidence to support the jury's verdict because the evidence was fabricated, manipulated, and based on perjury; (7) the transcripts are

Page 3 of 12
Case 2:19-cv-00042-JPS    Filed 02/25/25    Page 3 of 12    Document 61

incomplete and have been manipulated by the court reporter; (8) the State's witnesses committed at least 157 instances of perjury; and (9) postconviction counsel was ineffective because he raised "fake" claims and failed to raise any of the several claims that Petitioner now identifies.[1] *Id.* at 3-4. The Wisconsin Court of Appeals affirmed and concluded that the trial court properly denied Petitioner's motion for postconviction relief without a hearing. *Id.* at 8. Petitioner petitioned for review to the Wisconsin Supreme Court. On January 18, 2023, the Wisconsin Supreme Court denied review of the petition. *State v. Huber*, 998 N.W.2d 829 (Wis. 2023) (Table).

**4.      ANALYSIS**

Petitioner seeks federal habeas relief on the following grounds, as articulated in the Rule 4 screening order: (1) he was constructively denied the right to counsel, both during trial and in his previous appeal; (2) trial and postconviction counsel were both ineffective for a variety of reasons; (3) the State engaged in several acts of prosecutorial misconduct and *Brady* violations by, for example, falsifying and manipulating the evidence and knowingly relying on perjured testimony; (4) he was denied his right to confront one of the detectives who participated in the criminal investigation; (5) the trial judge was biased and prejudiced against him throughout the proceedings; (6) there was insufficient evidence to support the jury's verdict because the evidence was fabricated, manipulated, and

---

[1]The court noted that to the extent that Petitioner brought any additional claims that were not expressly identified, it "summarily reject[ed] his arguments as undeveloped and not properly supported by legal authority." ECF No. 44-1 at 4 n.4.

Page 4 of 12
Case 2:19-cv-00042-JPS    Filed 02/25/25    Page 4 of 12    Document 61

based on perjury; and (7) the trial transcripts are incomplete and were manipulated by the court reporter. ECF No. 33 at 3.

Respondent moves to dismiss on the basis that Petitioner procedurally defaulted on all grounds and cannot overcome the high hurdle to excuse the default. ECF No. 43. As discussed in detail below, the Court will grant Respondent's motion to dismiss, and the amended petition will be denied.

### 4.1 Procedural Default

Even when a federal constitutional claim has been exhausted through the state courts, a federal court is generally barred from reviewing claims that are procedurally defaulted. *Coleman*, 501 U.S. at 748. A ground is procedurally defaulted when state courts previously decided the issue on state grounds adequate to support the judgment independent of the federal question. *Id.* at 729–30, 750. "A state ground is independent 'when the court actually relied on the procedural bar as an independent basis for its disposition of the case.'" *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012) (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010)). A state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." *Id.* When examining the adequacy of a state law procedural ground, federal review is limited to whether the procedural ground "is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits." *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014).

This procedural default bar exists regardless of whether the grounds are substantive or procedural. *Coleman*, 501 U.S. at 729. Therefore, a state court's ruling that a petitioner is barred from challenging their conviction on the merits due to failure to comply with state procedural rules will serve as an adequate and independent state law procedural default bar in subsequent federal habeas proceedings. *Id.* "When a state court rejects a prisoner's challenge to his conviction on an independent and adequate state-law ground, 'principles of comity and federalism dictate against upending the state-court conviction' and the federal claim is deemed procedurally defaulted." *Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022) (quoting *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)). Additionally, "[a] state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas.'" *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002) (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)).

The Supreme Court of Wisconsin has ruled that "ineffectiveness of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *State v. Romero-Georgana*, 360 Wis.2d 522, 849 N.W.2d 668, 678 (2014). At the same time, in *State v. Allen*, the court emphasized that "a postconviction motion for relief requires more than conclusory allegations." 682 N.W.2d at 439. Rather, it must provide "sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle [the defendant] to the relief he seeks." *Id.* at 446. This procedural requirement allows reviewing courts to "meaningfully assess [the defendant's] claim." *Id.* at 441 (*quoting State v. Bentley*, 201 Wis.2d 303, 548 N.W.2d 50, 55 (1996)). In contrast, "[t]he mere

Page 6 of 12
Case 2:19-cv-00042-JPS    Filed 02/25/25    Page 6 of 12    Document 61

assertion of a claim of manifest injustice, in this case the ineffective assistance of counsel, does not entitle a defendant to the granting of relief." *Id.* at 439 (quoting *State v. Washington*, 176 Wis.2d 205, 500 N.W.2d 331, 335 (Wis. Ct. App. 1993)). When a postconviction motion lacks such material facts, the trial court may deny the motion without an evidentiary hearing. *Id.* at 446. *Allen*'s pleading standard is an adequate and independent state procedural rule. *Lee*, 750 F.3d at 693–94.

Here, the Court finds that Petitioner procedurally defaulted his claims because the Wisconsin Court of Appeals decided them on an independent and adequate state-law ground. The Wisconsin Court of Appeals explicitly referenced and relied upon the *Allen* procedural rule in summarily disposing of Petitioner's nine claims. In its opinion, the appellate court acknowledged the State's argument that Petitioner "'supported his laundry list of claims with only his *opinion*' and that his postconviction motion [was] 'nothing but a meandering rant filled with hopelessly conclusory allegations of error unsupported by law or fact.'" ECF No. 44-1 at 4 (emphasis in original). When directly addressing that argument, the court stated, "We agree with the State, and therefore, we conclude that the trial court properly denied Petitioner's motion for postconviction relief without a hearing." *Id.* (citing *Allen*). Thus, the *Allen* pleading standard served as an independent state law ground for denying all of Petitioner's claims. Courts have reached the same conclusion in other cases implicating the *Allen* standard. *See, e.g., Lee*, 750 F.3d at 693 (holding that the *Allen* rule "clearly served as an independent basis for the court's denial of [petitioner's] motion"); *Triplett v. McDermott*, 996 F.3d 825, 829–30 (7th Cir. 2021) (concluding that the *Allen* pleading standard is an adequate

Page 7 of 12
Case 2:19-cv-00042-JPS    Filed 02/25/25    Page 7 of 12    Document 61

and independent basis for the state court's denial of petitioner's ineffectiveness claim).

Petitioner argues that his claims are not procedurally defaulted because the state court's conclusion that he adequately failed to plead the claims was unsupported. ECF No. 59 at 2. However, "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Rogers v. Wells*, 96 F.4th 1006, 1012 (7th Cir. 2024) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *see also Johnson v. Novak*, No. 20-C-232, 2020 WL 1531444, at *3 (E.D. Wis. Mar. 31, 2020) ("Yet our review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits."). Therefore, a federal court may not challenge the state court's ruling on independent and adequate state law substantive grounds of insufficient pleading under the *Allen* test, *Escalona-Naranjo*, *Balliette*, and/or *Romero-Georgana*. *Garcia,* 28 F.4th at 767.

The Court acknowledges that the state appellate court included a short discussion of the merits of some of Petitioner's claims in its decision. However, prior to doing so, the court first rendered an independent procedural ruling that the trial court properly denied Petitioner's motion without an evidentiary hearing under the *Allen* rule. The court, citing *Allen*, expressly agreed with the State that the postconviction motion was "'nothing but a meandering rant filled with hopelessly conclusory allegations of error unsupported by law or fact.'" ECF No. 44-1 at 4. The Court therefore concludes that the state appellate court's procedural ruling that Petitioner's claims all failed to meet the *Allen* rule was its primary

reason for affirming the trial court's denial of his claims. As such, the Court concludes that Petitioner's claims are procedurally barred.

In sum, the Court finds that Petitioner procedurally defaulted all grounds in the present petition. As such, the Court must deny the petition unless the Petitioner can excuse the default. *See Garcia*, 28 F.4th at 767 ("[F]ederal review is barred unless [petitioner] can establish cause for and prejudice from his default.").

### 4.2 Potential Excused Procedural Default

When a claim is procedurally defaulted, a federal court will not re-open the issue in a writ of habeas corpus unless there is either a sufficient demonstration of cause to excuse the default and prejudice that occurred as a result, or a fundamental miscarriage of justice, demonstrated by a sufficient showing of actual innocence. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). This is particularly true for claims previously decided in state courts on adequate and independent state law grounds because of federalism and finality in criminal justice proceedings concerns. *Id.* at 392–93.

Here, Petitioner cannot establish cause and prejudice to excuse his procedural default. The standard for demonstrating cause is a showing that an "external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Petitioner has not shown cause and prejudice for his procedural defaults. Petitioner, representing himself, filed the § 974.06 postconviction motion underlying his collateral appeal. ECF No. 44-1 at 2. Pro se status is not cause to excuse procedural default. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Petitioner has not identified any external factor that impeded his ability to comply with Wisconsin's procedural rules; instead,

Petitioner repeats his disagreement with the state court opinions. As such, the Court finds Petitioner has not met the high burden of proving the cause component of the exception to the procedural default rule; the Court therefore need not address the issue of prejudice.

Alternatively, Petitioner is allowed to excuse procedural defaults with a showing of actual innocence. For an actual innocence excuse to be successful, a petitioner must carry the burden of proving that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–38 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This rule seeks to resolve only those extraordinary cases in which a petitioner can demonstrate actual innocence that necessitates providing relief to severe injustice. *Id.* A petitioner's high burden, as a gateway to excusing procedural default, is to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

Here, Petitioner presents no such evidence of actual innocence. As described by the state trial court, "[t]he strength of the State's evidence, which included video of the defendant sexually and physically abusing the victims, was *overwhelming*." ECF No. 44-1 at 5 (emphasis in original). Indeed, Petitioner's own testimony admitted to assaulting the two victims. *Id.* This case is not exceptional and does not meet the high hurdle for actual innocence. As such, actual innocence cannot serve to excuse the procedurally defaulted claims as detailed above. Petitioner presents no reason to excuse his procedural default, and the Court therefore grants Respondent's motion to dismiss in its entirety.

## 5. CONCLUSION

For the reasons discussed above, the Court finds that the amended petition is barred by procedural default and unexcused by either cause and prejudice or actual innocence. As such, the Court may not review these grounds on the merits. Accordingly, the Court will grant Respondent's motion to dismiss and will dismiss this case with prejudice. Having previously ruled on Petitioner's motion to appoint counsel, the Court will therefore deny the duplicative motion, ECF No. 35, as moot. *See* ECF Nos. 46, 47.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." To obtain a certificate of appealability, the Petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the amended petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). For the reasons discussed above, no reasonable jurists could debate whether the Petitioner's grounds were procedurally defaulted. The Court will, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss, ECF No. 43, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's amended petition for a writ of habeas corpus, ECF No. 32, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Petitioner's duplicative motion to appoint counsel, ECF No. 35, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.