UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT W. HUBER, JR.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>GARY BOUGHTON,<br><br>　　　　　Respondent. | Case No. 19-CV-42-JPS<br><br><br>**ORDER** |

　　　Petitioner, Robert w. Huber, Jr., a prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 25, 2025, the Court dismissed the case with prejudice based on Petitioner's procedural default, denied a certificate of appealability, and entered judgment accordingly. ECF Nos. 61, 62. Pending before the Court is Petitioner's motion for reconsideration of the denial of a certificate of appealability. ECF No. 63. Following that motion, Petitioner filed a notice of appeal on March 17, 2025. ECF No. 64.

　　　The Court will deny Petitioner's motion for reconsideration. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream*

*Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Petitioner's motion does not meet the high burden necessary to succeed. Petitioner disagrees with the Court's decision but offers no manifest error of law or new evidence. As such, the Court is obliged to deny Petitioner's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration, ECF No. 63, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge